IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Susan Peaches Butler, ) | Civil Action No.: 4:12-3389-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Carolyn W. Colvin, Acting Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

The plaintiff, Susan Peaches Butler, brought this action pursuant to 42 U.S.C. §405(g), to obtain judicial review of the final decision of the Commissioner of Social Security denying his claim for Supplemental Security Income ("SSI").

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides: "[T]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964); see, e.g., Daniel v. Gardner, 404 F.2d 889 (4th Cir. 1968); Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966); Tyler v. Weinberger, 409 F. Supp. 776 (E.D. Va. 1976). This standard precludes a de novo review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See, e.g.*, Vitek v. Finch, 438 F.2d 1157 (4th Cir. 1971); Hicks v. Gardner, 393 F.2d 299 (4th Cir. 1968). "[T]he court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in Flack v.Cohen, 413 F.2d 278 (4th Cir. 1969),

"[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." Id. at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." Vitek, 438 F.2d at 1157-58.

## Administrative Proceedings

The plaintiff filed an application for SSI in June of 2006, alleging a disability onset date of August 1, 2003, due to osteoarthritis, breathing problems, broken bones, depression, diabetes, and heart problems. After her application was denied initially and on reconsideration, she requested a hearing before an administrative law judge. Before the hearing was held, she amended her onset date to June 9, 2006. The hearing was begun on January 7, 2009; however, the hearing was continued so that the claimant could be psychologically evaluated. The hearing was reconvened on May 7, 2009 before a different ALJ, who issued an unfavorable decision on June 1, 2009. The Appeals Council remanded the case on December 15, 2010 for further findings regarding her Residual Functional Capacity. The Appeals Council also directed the ALJ to address the claimant's severe obesity regarding her ability to work. Before the hearing, counsel for the claimant notified the ALJ that she was again amending her onset date to February 19, 2009. The ALJ issued a decision on October 20, 2011, denying benefits. The Appeals Council denied the plaintiff's request for review of the ALJ's decision, thereby making the ALJ decision the Commissioner's "final decision" for purposes of judicial review. *See* 42 U.S.C. §405(g); 20 C.F.R. §404.981 (2003).

The ALJ made the following findings in this case:

1. The claimant has not engaged in substantial gainful activity since June 9, 2006, the application date (20 CFR 416.971 *et seq.*).

2. The claimant has the following severe impairments: obesity, degenerative joint disease and knee injury, ankle injury, and joint disorder of the shoulders (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. Claimant is capable of medium work.  To wit, she can lift or carry up to fifty pounds on an occasional basis and up to twenty-five pounds on a frequent basis.  She can stand, walk, and sit for up to six hours during any given eight hour workperiod.  She has a limitation in her ability to push or pull and can do these activities on a frequent basis.  She is limited to occasional climbing of ladders, ropes, and scaffolds and frequent climbing, stooping, crouching, crawling, kneeling, and balancing.  She is restricted to occasional overhead reaching and frequent handling using the right upper extremity.

5. The claimant is unable to perform any past relevant work (20 CFR 416.965).

6. The claimant was born on February 19, 1954 and was 52 years old, which is defined as an individual of advanced age, on the date her application was filed (20 CFR 416.963).

7. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since June 9, 2006, the date the application was filed. (20 CFR 416.920(g)).

(Tr. 17-33).

## Facts

The plaintiff was 57 years old on the date of the hearing. She has at least a high school education and has prior work experience as an auto carpet installer, cashier/clerk, desk clerk, housekeeper/cleaning assistant, newspaper set-up person, and survey administrator.

## Appeal from the Commissioner's Decision

Pursuant to Local Civil Rule 83.VII.02(A), D.S.C, this action was referred to United States Magistrate Judge Thomas E. Rogers, III. On November 26, 2013, Magistrate Judge Rogers filed a Report and Recommendation ("the Report") suggesting that the decision of the Commissioner be affirmed. The plaintiff filed objections to the Report on December 12, 2013. The Commissioner filed a Response on December 30, 2013. The Magistrate Judge concluded that the record contains substantial evidence to support the conclusion of the Commissioner that plaintiff be denied benefits.

## Standard of Review

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific

error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

### **Discussion**

The claimant asserts that "[t]he Magistrate erred as a matter of law in concluding the Defendant did not commit reversible error by violating the SSA's directives to not use the TOMM (Test of Memory of Malingering) and using the test given by Joseph K. Hammond, Ph.D." (ECF No. 23, p. 1). The claimant asserts that the Magistrate erred in finding that any consideration of the TOMM was harmless error and points out that the ALJ's "first discussion of Ms. Butler's credibility as to her psychological limitations" addresses Dr. Hammond's report.

The Court finds that the objections lack merit. As argued by the Commissioner, the Magistrate Judge acknowledged the Social Security Administration's policy directive instructing ALJs not to rely on tests for malingering or credibility in resolving the credibility of a claimant's statements. However, the ALJ also considered the following in evaluating the claimant's credibility: observations by Dr. Joseph Hammond, consultative psychologist; Plaintiff's testimony about her physical ability to raise her arms above her head was inconsistent with a treatment record; Plaintiff's inconsistent statements about the painting of her apartment; Plaintiff's appearance at the hearing with a cane and wrist splints where there was no record of such prescriptions and treatment records indicated that she appeared without them; x-rays showed no acute abnormality; Plaintiff was found to have normal range of motion in 2010 in her musculoskeletal system; Plaintiff had an unremarkable gait and full range of motion without an assistive device when she was examined at St. Francis Hospital in 2009; Plaintiff admitted

to walking substantial distances; and Plaintiff claimed to have carpal tunnel syndrome, but there was no record of diagnosis or treatment for this condition.

The Magistrate Judge's R & R thoroughly discusses the applicable law, the evidence of record, and the ALJ's findings. This court has carefully reviewed Plaintiff's objections and conducted the required *de novo* review of Petitioner's claim. Having done so, the court is left with the firm conviction that the Magistrate Judge's recommended disposition of this claim is correct. Substantial evidence supports the ALJ's findings regarding the claimant's credibility. Additionally, any improper reliance on the TOMM test was harmless because the ALJ gave many other reasons for his credibility finding that were supported by substantial evidence. *See Mickles v. Shalala*, 29 F.3d 918, 921 (4th Cir. 1994) (finding error by ALJ harmless where he would have reached the same result notwithstanding). Accordingly, Petitioner's objections are overruled and the Magistrate Judge's recommendation to affirm the Commissioner's decision is adopted.

## **Conclusion**

The court has thoroughly analyzed the entire record, including the R & R and objections, and applicable law. The court has conducted a *de novo* review of all of Petitioner's objections, [Docket Entry 23], and finds no merit in them. For the reasons stated above and by the Magistrate Judge, the court hereby overrules all of Petitioner's objections and adopts and incorporates by reference the Magistrate Judge's R & R. Accordingly, the Commissioner's decision is affirmed.

**IT IS SO ORDERED**.

                                         s/R. Bryan Harwell
                                         R. Bryan Harwell
                                         United States District Judge

Florence, South Carolina
February 28, 2014